ALEXANDER C. REED, APPELLANT, v. CHRISTIAN SCHMIT, RESPONDENT.

*Charter of the village of Waterloo* — 1882, *chap* 359 — *does not violate section* 18 *of article* 3 *of the Constitution, nor section* 16 *of the said article* — *what proof is admissible to show the appointment of a tax collector.*

APPEAL from a judgment of the Seneca County Court, reversing a judgment of a Justice's Court in favor of the plaintiff.

The court at General Term said: "This action was originally brought in Justice Court to recover the value of a wagon which the defendant had taken from the plaintiff. The defense was that the defendant was the collector of the village of Waterloo, and that the wagon in question was seized by him for the non-payment of taxes, under a tax warrant issued by the trustees of the village. The plaintiff had judgment in the Justice Court. On appeal the County Court reversed the judgment of the Justice Court and the plaintiff appealed to this court.

It is now claimed that chapter 359 of the Laws of 1882, entitled, "An act to amend and consolidate the charter of the village of Waterloo" is unconstitutional and void.

It is claimed that the act is in violation of section 18 of article 3 of the Constitution, which provides that the legislature shall not pass a private or local bill incorporating villages. This act, however, does not incorporate a village. It only amends the charter of a village existing prior to the adoption of this section of the Constitution, and we do not understand the amended provision of the Constitution to prohibit the amending of village charters theretofore existing.

In the case of *Ex parte Samuel Pritz* (9 Iowa, 30), the Constitution of Iowa prohibited the enactment of special laws either for the incorporation of towns and cities or for the amendment of acts of *incorporations* in existence before the adoption of the Constitution, thus expressly prohibiting the passage of local acts amending charters. For this reason the case is clearly distinguishable.

The case of the *State of Ohio* v. *The City of Cincinnati* (20 Ohio, 18), is likewise distinguishable. The Constitution of that State being so broad as to entirely prohibit the passage of special acts conferring corporate powers.

Again, it is contended that the act is in violation of section 16 of article 3 of the Constitution, which provides that no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title. In this case the title of the act is, "An act to amend and consolidate the charter of the village of Waterloo, Seneca county, N. Y." The word "consolidate" is explained and construed by the first section of the act, which provides that "the several acts relating to the village of Waterloo in the county of Seneca are hereby amended, revised and consolidated by title and section in the order and manner following." The act then proceeds to define the boundary of the village, the wards and highways, to provide for the election and appointment of officers, etc. All of the prior acts pertaining to the charter of Waterloo are brought together and incorporated in the act in question. In other words, the prior acts are consolidated in this act. The word, therefore, does not express any other or different subject than that expressed by the words "to amend the charter" etc., but is included in and covered by it. (*The People ex rel. City of Rochester* v. *Briggs*, 50 N. Y., 553; *The People ex rel. Faulkner* v. *The Trustees of the Village of Dansville*, 1 Hun, 593; *The People ex rel. Gere* v. *Whitlock*, 92 N. Y., 191; *Chamberlain* v. *Taylor*, 36 Hun, 24, 40; *Harris* v. *The Supervisors of Niagara County*, 33 id., 279; see authorities there cited upon page 286.)

The Revised Statutes provided that persons applying to alter the bounds of any village should give notice by advertisement for six weeks, stating the nature and object of the application; also that a survey and map of the territory should be made and laid before the legislature before its action. This was not done. The legislature

saw fit to pass the act in question without requiring these pre-liminary steps to be taken. The wisdom of this is not for our determination; we are only called upon to determine the power of the legislature. That it had such power we think there can be no doubt.

It is contended that there was no legal or competent evidence that the defendant was collector of the village. The statute pro-vides that the collector of taxes shall be appointed by the board of trustees; that the appointment shall be in writing, signed by a majority of the board making the appointment, and. that the clerk shall duly enter in full in the records such writing; the certificate of such appointment, duly signed by the clerk and sealed by the corporate seal, shall be *prima facie* evidence of such appointment in all courts or elsewhere in this State. James E. Batsford, the acting clerk of the village of Waterloo, was sworn as a witness on behalf of the defendant and testified that the book now in court contains the records of the board of trustees, which was offered in evidence, and that on page 49 was a certificate of appointment bearing date March 21, 1883, *under the signatures of the trustees of the village.* This record was admitted in evidence for the pur-pose of showing the appointment of Mr. Schmit as collector. The certificate is as follows: " This is to certify that Christain Schmit is appointed corporation collector of taxes during the pleasure of the board of trustees. Signed: A. K. Terwilliher, John T. Buckner, A. M. Schott, J. E. Bruen, George Clark, M. F. Pratt, dated Waterloo, March 21, 1883." The introduction of this record in evidence was objected to by the plaintiff on the ground that it did not contain the corporate seal and did not purport to have been filed with the clerk of the village of Waterloo, etc. It will be observed, however, that Batsford testified that the certificate appearing in the book containing the records of the board of trustees was " under the signatures of the trustees of the village." It would thus appear to have been the original certificate that was introduced in evidence. It is true that it did not have upon it the seal of the corporation, but the original was not required to have such seal. It was only the certificate that the clerk was authorized to issue to the appointee that was required to have the seal which would make it *prima facie* evidence. Whilst the statute authorized the proving of the appoint-

ment, by a certificate signed by the clerk and sealed with the corporate seal, it does not prohibit the proving of the appointment in accordance with the rules of the common law, by the introduction of the original.

\* \* \* \* \*

*Charles A. Hawley*, for the appellant.

*Burton & Rood*, for the respondent.

Opinion by HAIGHT, J.; SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment of the County Court affirmed.